to testify as to the value of the claimants' services as he had heard them described by the claimants as witnesses. The question was proper, within the cases of McCollum v. Seward, 62 N. Y. 316, and Seymour v. Fellows, 77 N. Y. 178, 180; authorities on this point which are neither expressly nor necessarily overruled by the later case of People v. McElvaine, 121 N. Y. 250, 24 N. E. 465, 18 Am. St. Rep. 820, as the distinction is pointed out in the Seymour Case, 77 N. Y. 181, in discussing Reynolds v. Robinson, 64 N. Y. 595. But, even if the rulings referred to, and others to which our attention is directed, of a like nature, are erroneous, there was evidence on the question of value to which no objection was taken, sufficient to support the decree, as well as evidence to which no valid objection could be taken. In view of the nature of the case, it could hardly be considered that on a trial without a jury the appellants were seriously prejudiced by the expression of an opinion on the part of a witness whose sources of information were limited, nor should it be assumed that the court did not weigh and consider the limited knowledge or experience of the witness in estimating the value to be given to his opinion. Section 2545 of the Code of Civil Procedure provides that a decree of a surrogate "shall not be reversed for an error in admitting or rejecting evidence, unless it appears to the appellate court that the exceptant was necessarily prejudiced thereby." In the application of this section the court of appeals has held (Loder v. Whelpley, 111 N. Y. 239, 247, 18 N. E. 876) "that an appeal must fail unless it is apparent that without the improper evidence the respondent had not succeeded." We think the decree should be affirmed.

Decree affirmed, with costs. All concur; BARTLETT, J., in result.

---

REMBT v. ROEHR PUB. CO.

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. LIBEL—PLEADING SPECIAL DAMAGES—NECESSITY.

In an action for libel, where the complaint set out the article, which appeared to be libelous per se, and alleged that "by means of the said publication plaintiff was injured in his reputation, business, and credit in the sum of $10,000," but no special damages were pleaded, evidence that particular persons, firms, and corporations had denied the plaintiff credit was not admissible.

2. APPEAL—QUESTIONS PRESENTED FOR REVIEW.

An objection that exceptions to certain evidence were too general, or were otherwise imperfect, cannot be considered, where they were overruled by the court, but thereafter, because of error in admitting the evidence, it granted a new trial.

3. SAME—GRANT OF NEW TRIAL.

Where a court granted a new trial, and the record shows certain evidence was improperly admitted, it will be assumed on appeal that the court in its discretion granted the new trial because of such error.

Appeal from trial term.

Action by Christopher Rembt against the Roehr Publishing Company. Judgment for plaintiff, and from an order granting defendant a new trial plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

J. Aspinwall Hodge, Jr., for appellant.
John T. McGovern, for respondent.

WOODWARD, J. This is an action for damages, alleged to have been sustained by the plaintiff, through the publication of a libel in the newspaper of the defendant. The trial took place before a justice of the supreme court and a jury, on the 13th day of May, 1901, resulting in a verdict for the plaintiff for $1,000. The learned court granted defendant's motion for a new trial, under the provisions of section 999 of the Code of Civil Procedure, and from the order entered appeal comes to this court.

It does not appear upon which one of the various grounds urged by the defendant the order was granted, but the appellant seems to assume that it was upon the exceptions taken to the admission of certain evidence, and as these appear to us sufficient to sustain the action of the learned trial court, it will not be necessary to carry the inquiry further.

The complaint sets forth the article, which appears to be libelous per se, and alleges that "by means of the said publication plaintiff was injured in his reputation, business, and credit in the sum of ten thousand ($10,000) dollars." No special damages are pleaded, and upon the trial the plaintiff insisted upon proving, not only the general falling off in his business after the publication of the article, but the conduct of persons, firms, and corporations with whom he had done business in respect to giving him credit. "Special damages," says Chitty (Chit. Pl. 385), "are such as really took place, and are not implied by law, and are either superadded to general damages arising from an act injurious in itself, as where some special loss arises from uttering the slanderous words actionable in themselves, or are such as arise from an act indifferent and not actionable in itself, but injurious only in its consequences, as where words become actionable by reason of special damage." The rule is well settled that, in actions where the words, statements, or defamatory matter are actionable per se, evidence of special damage may be given in enhancement of damages, provided the special damage is pleaded, but not otherwise. W. C. Loftus & Co. v. Bennett (Sup.) 74 N. Y. Supp. 290. There can be no doubt that evidence that particular persons, firms, and corporations had denied the plaintiff credit was evidence of special damage, and it had no place in this case under the pleadings. The defendant, by objection and exception, attempted to keep this evidence from the jury, but was overruled by the learned trial court. The appellant now urges that the exceptions do not bring up the questions raised, because they were too general, or were otherwise imperfect, but the force of these suggestions is lost, because they are not here for review. The learned trial court, by granting the motion for a new trial, has reversed the rulings upon these questions, and has, in effect, conceded that the evidence was improperly admitted. Rules which are enforced in support of a judgment, because the court will not review a

question which is not raised in the court below with sufficient distinctness so that the trial court might have disposed of it properly, have no force where the trial court has itself reversed its ruling, and if any of the evidence was improper we are bound to assume that the court below has acted within its discretion, and for the purpose of promoting justice. But the questions were fairly presented to the court by the objections and exceptions of the defendant. There was no misapprehension of the matter, no misunderstanding of the point which the defendant repeatedly urged,—that the plaintiff was not entitled to prove special damages under his pleadings. As there can be no doubt that the defendant was right upon this point, and that the error of the trial court has been cured by the order granting a new trial, there is no reason why the order should not be affirmed.

The order appealed from should be affirmed, with costs. All concur.